UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


DARRYL CURRY                                                    CIVIL ACTION

VERSUS                                                         NO. 00-2462

ST. TAMMANY PARISH SHERIFF'S DEPT. ET AL.          SECTION "B" (2)


## ORDER AND REASONS ON MOTION

On May 11, 2005, plaintiff, Darryl Curry, received leave to file a third amending

complaint, in which he added as defendants Acadian Ambulance Service of New

Orleans, Inc.; Fred Y. Clark; James Dillon; Freddy Drennan (Chief of Police of the City

of Slidell); E. Peggy Landry; C. A. Lowe; Gretchen McCarstle; Verdegras Scott; Diana

Simon (Chairman of the Louisiana Board of Parole [the "Parole Board"]); Richard L.

Stalder (Secretary of the Louisiana Department of Public Safety and Corrections [the

"DPSC"]); Isaac Thomas; Kelly Ward; Jim Wise; and unidentified parties.  Record Doc.

No. 72.  All of the new defendants, except Acadian Ambulance Service and Chief

Drennan, are affiliated with the DPSC and/or the Parole Board (hereafter referred to collectively as "the State Defendants").[1]

Curry avers that the criminal charges against him were dismissed after his conviction was reversed on appeal.  His third amending complaint asserts two claims against the State Defendants under 42 U.S.C. § 1983:  (1) he was denied due process of law in the preliminary parole revocation proceeding and was sent back to prison as the result of these illegal proceedings, and (2) he was denied due process in the final parole revocation proceeding because he was denied the right to confront and cross-examine the witnesses against him and he has been illegally detained without a valid conviction or sentence.

Plaintiff also alleges that the members of the Parole Board are liable pursuant to the Louisiana Constitution of 1974 and Louisiana state law for the premature and unauthorized revocation of his parole, the denial of due process in the manner in which the revocation hearings were conducted and the loss of income he sustained as a result of his parole revocation.

---

[1]Neither plaintiff in his third amending complaint nor the State Defendants in their motion to dismiss specifically identify all of the State Defendants as members of the Parole Board, but that is the implication the court draws from the plaintiff's third amending complaint and the State Defendants' statement in their memorandum that all 11 of them are state employees.

In addition, Curry asserts that Stalder negligently failed and/or omitted to promulgate appropriate rules, regulations, policies and procedures and/or failed to properly train and/or supervise the Parole Board to prevent the allegedly improper parole revocation.

The State Defendants moved under Fed. R. Civ. P. 12(b) to dismiss all claims against them. Record Doc. No. 83. Plaintiff filed a timely opposition memorandum. Record Doc. No. 91.

Having considered the complaint, as amended; the arguments of the parties; and the applicable law, defendants' motion to dismiss is GRANTED, for the following reasons.

## **ANALYSIS**

A.     The Bases for the State Defendants' Motion and Plaintiff's Opposition

The State Defendants assert several grounds for dismissal pursuant to Fed. R. Civ. P. 12(b): (1) failure to allege sufficient facts against three of the State Defendants to state a claim upon which relief can be granted, (2) lack of subject matter jurisdiction, (3) the State Defendants are entitled to absolute, qualified and/or Eleventh Amendment immunity from suit and (4) prescription.

Plaintiff's opposition memorandum states only that he submits the case on the record and that he requests an opportunity to amend the complaint to cure any defects.

As to their immunity arguments, the State Defendants contend that Curry fails to state a claim for relief because Stalder is absolutely immune from suit under the Eleventh Amendment and the members of the Parole Board are absolutely immune from an action for damages resulting from their adjudicative or decision-making functions.

B.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quotation omitted); see also United States ex rel. Bain v. Georgia Gulf Corp., 386 F.3d 648 (5th Cir. 2004) (complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief") (quotation and citation omitted).

Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted. Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 570 (5th Cir.

4

2005).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  <u>Southern Christian Leadership Conference v. Supreme Court</u>, 252 F.3d 781, 786 (5th Cir. 2001) (quotation omitted); <u>accord</u> <u>Lovick</u>, 378 F.3d at 437.

C.     <u>Eleventh Amendment Immunity</u>

The State Defendants argue that plaintiff's Section 1983 claims against the State of Louisiana are barred by the Eleventh Amendment to the United States Constitution. The State of Louisiana is immune from suit in federal court under the Eleventh Amendment.  Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued.  U.S. Const. amend. XI; <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Alabama v. Pugh</u>, 438 U.S. 781, 782 (1978); <u>Williams v. Dallas Area Rapid Transit</u>, 242 F.3d 315, 318 (5th Cir. 2001).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Rev. Stat. Ann. § 13:5106(A); <u>Delahoussaye v. City of New Iberia</u>, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity.  <u>Port Auth. Trans-Hudson Corp.</u>

5

v. Feeney, 495 U.S. 299, 305 (1990); Earles v. State Bd. of Certified Pub. Accountants, 139 F.3d 1033, 1038 (5th Cir. 1998); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

The Louisiana Department of Corrections and Secretary Stalder, in his official capacity, are immune from liability and suit under the Eleventh Amendment. Castille v. State, No. 99-0940, 1999 WL 544684, at * 2 (E.D. La. July 27, 1999) (Clement, J.); Brown v. Bonvillian, No. 97-0828, 1997 WL 162155, at *3 (E.D. La. April 4, 1997) (Africk, M.J.) (citing Loya v. Texas Dep't of Corrections, 878 F.2d 860, 861 (5th Cir. 1989)); Anderson v. Phelps, 655 F. Supp. 560, 564 (M.D. La. 1985) (Parker, C.J.); see also Hines v. Mississippi Dep't of Corrections, 239 F.3d 366, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (unpubl. opin.).

Because the State of Louisiana is immune from suit and has not waived its immunity, plaintiff's claims against the State and Secretary Stalder in his official capacity must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

D.    Absolute Immunity

The State Defendants argue that plaintiff's claims against them should be dismissed because they are absolutely immune from suit.  "Courts employ a 'functional' test to determine whether officials are entitled to absolute immunity and look to the 'nature of the function performed, not the identity of the actor who performed it.'"

6

Brown, 1997 WL 162155, at *3 (quoting Forrester v. White, 484 U.S. 219, 227-29 (1988)) (citing Hulsey v. Owens, 63 F.3d 354, 356 (5th Cir. 1995)).  "[T]he Fifth Circuit has held that parole board members are absolutely immune when performing adjudicative, decision-making functions as opposed to administrative functions for which they are entitled to only qualified immunity."  Id. (citing Hulsey, 63 F.3d at 356).

Although the Supreme Court has not expressly extended absolute immunity to parole board members, "the Court has noted with approval that 'federal appellate courts have so held.'"  Hulsey, 63 F.3d at 356 (quoting Cleavinger v. Saxner, 474 U.S. 193, 200-01 (1985)).  "Most circuits now hold that 'parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole.'"  Id. (quoting Walrath v. United States, 35 F.3d 277, 281 (7th Cir. 1994)); accord Hunter v. Rodriguez, No. 02-11317, 2003 WL 22070516, at *1-2 (5th Cir. Sept. 5, 2003).

"For over thirty years, the Fifth Circuit has recognized that executive officials are entitled to absolute immunity from suit for their roles in the quasi-judicial functions that pertain to the administration of a state's parole system."  Moore v. Stiles, No. CV-0173-P, 2004 WL 578589, at *1 (N.D. Tex. Feb. 27, 2004) (Solis, J.).  The Fifth Circuit first addressed this issue in Cruz v. Skelton, 502 F.2d 1101 (5th Cir. 1974), by holding that members of the Texas Board of Pardons and Paroles were entitled to absolute immunity from suit for their roles in deciding whether to release a prisoner on parole.  Id. at 1102.

7

This holding was extended by <u>Farrish v. Mississippi State Parole Bd.</u>, 836 F.2d 969 (5th Cir. 1988), in which the Fifth Circuit held that state executive officials are entitled to absolute immunity for their roles in both granting and revoking an individual's parole. <u>Id.</u> at 973-76.

The Fifth Circuit broadened the shield of absolute immunity once more in <u>Johnson v. Kegans</u>, 870 F.2d 992 (5th Cir. 1989), stating that "those individuals who function before the [Parole] Board in the same capacity as a prosecutor, witness, or probation officer . . . enjoy absolute immunity." <u>Id.</u> at 997. Under these precedents, hearing and parole officers are entitled to absolute immunity from suit for their roles in granting, enforcing and revoking parole.

The State Defendants are entitled to absolute immunity for their roles, as hearing and parole officers with the Parole Board, in enforcing and revoking Curry's parole. Because absolute immunity renders a defendant immune not just from liability, but from suit, <u>Hulsey</u>, 63 F.3d at 356; <u>Boyd</u>, 31 F.3d 279, 284 (5th Cir. 1994) (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 525 (1985)), Curry can prove no set of facts in support of his claim which would entitle him to relief.

\* \* \*

Accordingly, Defendants' Motion to Dismiss plaintiff's claims against the State Defendants is GRANTED pursuant to Fed. R. Civ. P. 12(b)(6). Because this motion has

been granted exclusively on the immunity grounds discussed above, the movants are all

dismissed from this suit and it is not necessary to address the other grounds for dismissal

asserted in their motion.

New Orleans, Louisiana, this <u>31st</u> day of March, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

9