UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL CURRY                                              CIVIL ACTION

VERSUS                                                   NO. 00-2462

ST. TAMMANY PARISH SHERIFF'S                             SECTION "B" (2)
DEPT. ET AL.

## ORDER AND REASONS ON MOTION

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days before the date set for hearing the motion. No memorandum in opposition to Acadian Ambulance Service, Inc.'s Motion to Dismiss for Insufficiency of Service of Process and Prematurity, Record Doc. No. 96, set for hearing on March 29, 2006 at 11:00 a.m. without oral argument, was timely submitted. Instead, plaintiff delivered a late opposition memorandum to my chambers.

Because the motion has merit in part, **IT IS ORDERED** that the motion is **GRANTED,** for the following reasons.

Acadian moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), based on untimely service of process under Fed. R. Civ. P. 4(m).  By order of the Chief Judge of this court, all deadlines in civil cases were suspended from August 29, 2005, when Hurricane Katrina made landfall, until November 25, 2005.  Thus, Curry had good cause for failing to serve Acadian with process within the Rule 4(m) period.  This argument lacks merit, and the motion is not granted on Rule 4(m) grounds.

Acadian also moved to dismiss Curry's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor."  Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001).  "Given the Federal Rules' simplified standard for pleading, [a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quotation omitted).

Acadian is now and was at the time of the incident on which the complaint is based a qualified health care provider as defined by the Louisiana Medical Malpractice Act (the "Act").  La. Rev. Stat. § 40:1299.41(A)(1); Defendant's Exh. B.  Thus, all medical malpractice claims against it must be reviewed by a medical review panel before

plaintiff can file suit.   La. Rev. Stat. §§ 40:1299.41(A)(1), 40:1299.47(B)(1)(a)(i);

Richard v. Louisiana Extended Care Ctrs., Inc., 835 So. 2d 460, 467 (La. 2003).

> "Malpractice" means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and the handling of a patient, including loading and unloading of a patient, and also includes all legal responsibility of a health care provider arising from acts or omissions in the training or supervision of health care providers . . . .

La. Rev. Stat. §§ 40:1299.41(A)(8).

Curry alleges that Acadian "failed to supervise their patient properly" while transporting him to the hospital by allowing an unnamed police officer to turn off the oxygen that he had been given, causing him to suffer injury.  Plaintiff's Third Amending Complaint, Record Doc. No. 72, at p.7.  This states a claim for medical malpractice.

Six factors are used to determine whether an act is related to medical treatment and thus covered under the Act as medical malpractice:

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill; (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; (3) whether the pertinent act or omission involved assessment of the patient's condition; (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; (5) whether the injury would have occurred if the patient had not sought treatment; and (6) whether the tort alleged was intentional.

Coleman v. Deno, 813 So. 2d 303, 315-16 (La. 2002); accord Richard, 835 So. 2d at 469.

Acadian's alleged failure to supervise properly the administration of oxygen to Curry meets all six criteria. The alleged wrong is treatment-related and caused by a dereliction of professional skill. Expert medical evidence would be needed to determine whether the appropriate standard of care was breached, such as whether Curry needed oxygen at the time, a question that involves assessment of his medical condition. The incident occurred within the scope of activities an ambulance service is licensed to perform. The alleged injury would not have occurred if Curry had not sought ambulance transport to the hospital. The tort of negligent supervision is not intentional.

Accordingly, plaintiff's state law claim of medical malpractice against Acadian must be dismissed for failure to state a claim until he has presented it to a medical review panel.

In plaintiff's third amending complaint, he purports to bring his cause of action against Acadian pursuant to 42 U.S.C. § 1983. Acadian appears to argue that Curry has attempted in his pleading to disguise his state law medical malpractice claim as a claim under Section 1983.

The court accepts all well pleaded allegations in the third amending complaint as true for purposes of defendant's Rule 12(b)(6) motion. Curry alleges that Acadian is a private corporation. He does not allege that Acadian is a state actor, conspired with a

state actor, willfully participated jointly with a state actor or deprived him of any

constitutional right.

> To state a cause of action under section 1983 the [plaintiff] must allege that the person who deprived him of a federal right was acting under color of law. For a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors.
> This court has held that a non-state actor may be liable under 1983 if the private citizen was a willful participant in joint activity with the State or its agents. The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights.

Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004) (quotation omitted)

(citations omitted).

> Just as in Priester, Curry has

> failed to allege a conspiracy. The complaint alleges that the [state actor defendants] either ignored or "encouraged and/or allowed" [the private citizen's] behavior; however, the complaint does not allege an agreement between [the private citizen defendant] and the [state actors] to commit an illegal act, nor does it allege specific facts to show an agreement. Therefore, we uphold the district court's dismissal of [the private citizen] for failure to state a claim under Rule 12(b)(6).

Id. (emphasis added).

Similarly, Curry alleges that ambulance personnel "failed to supervise their patient

properly, allowing" the police officer to turn off the oxygen plaintiff was receiving.

Plaintiff's Third Amending Complaint, Record Doc. No. 72, at p.7 (emphasis added).

5

Plaintiff's allegation that Acadian "allowed" the police officer's action does not allege conspiracy or joint action by Acadian, a non-state actor, sufficient to bring it within the ambit of a Section 1983 claim.

Moreover, Curry's allegation that Acadian improperly supervised his care during transport to the hospital asserts a negligence claim at best, not a claim of a civil rights violation cognizable under Section 1983.  Claims arising from allegedly negligent acts do not give rise to relief under Section 1983.

In a number of contexts, the Fifth Circuit has determined that allegations amounting to negligence cannot support a Section 1983 claim.  See Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence is insufficient to support a failure to protect claim under Section 1983); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Doe v. Taylor Indep. Sch. Dist., 975 F.2d 137, 142 (5th Cir. 1992), vacated on other grounds, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution.").

Curry's allegations concerning defendant's alleged improper supervision of his care while he was in the ambulance do not amount to a violation of constitutional rights. Acadian cannot be liable under Section 1983 for injuries resulting from alleged acts of negligence. If plaintiff seeks relief for defendant's alleged negligence, he must do so in state court by asserting state law tort claims, after first complying with the Louisiana Medical Malpractice Act, not by erroneously portraying them as Section 1983 constitutional violations.

Because Curry failed to submit his medical malpractice claim to a medical review panel before filing this lawsuit, his state law claim against Acadian for medical malpractice is dismissed without prejudice. His claim against Acadian under Section 1983 is dismissed with prejudice. No claims against Acadian remain in this suit.

New Orleans, Louisiana, this 31st day of March, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE