UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARRYL CURRY                                          CIVIL ACTION

VERSUS                                                NO. 00-2462

ST. TAMMANY PARISH SHERIFF'S DEPT. ET AL.             SECTION "B" (2)

**ORDER ON MOTION**

Plaintiff, Darryl Curry, has filed a Motion to Add Defendant. Record Doc. No. 105. This is Curry's fourth request to amend his complaint. The existing defendants do not object to the amendment. However, the proposed new defendant, Benjamin Morris, who was Chief of the Slidell Police Department when the incident at issue occurred (and is now the Mayor of Slidell), has appeared in this action through counsel who previously represented his successor as police chief in this case, solely for the purpose of opposing the amendment. Record Doc. No. 107.

Having considered the record; the complaint, as amended; the submissions of the parties and non-party; and the arguments of counsel; and for the following reasons, **IT**

**IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART, as follows.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Investment Corp., 660 F.2d 594, 598 (5th Cir. 1981). Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

As to futility, the Fifth Circuit has held:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).
> The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. The court may not dismiss a complaint under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000) (quotations and citations omitted).

In addition, where–as here–the court has entered a scheduling order setting a deadline for the amendment of pleadings, Record Doc. No. 85, the schedule "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. South Trust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Southwestern Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b); quoting S & W Enters., 315 F.3d at 535).

In this case, the deadline for amending pleadings was February 27, 2006, Record Doc. No. 85, and plaintiff filed this motion more than two (2) months after the deadline. Thus, Curry must show good cause under the Rule 16 standard to amend his complaint.

3

Plaintiff has proffered no reason to explain the delay in moving to amend his complaint. He seeks to amend for the fourth time to add as a defendant Benjamin Morris, who was Chief of the Slidell Police Department on August 22, 1999, when the incident at issue occurred. This factor weighs against granting the motion to amend. However, it appears that Curry is essentially moving to substitute former Police Chief Morris for current Police Chief Freddie Drennan, who was added as a defendant in plaintiff's third amending complaint on May 10, 2005, Record Doc. No. 72, and later dismissed.

The other three factors weigh in favor of allowing the amendment. First, the proposed amendment is important in that it might add a viable and potentially liable co-defendant. Second, the existing defendants do not object to the amendment. Because they do not oppose the amendment, there is no potential prejudice to them in allowing the amendment. The only prejudice would be to the new defendant, Morris, because he has not previously participated in this action.

The discovery deadline is August 11, 2006 and a jury trial is set to begin on September 25, 2006. Morris has ample time to review the existing discovery and pleadings and to participate in additional discovery and pretrial preparation. The discovery and pretrial deadlines could be continued, if necessary, to accommodate Morris's interests. In addition, Morris is represented by the same counsel who previously represented his successor, Freddie Drennan, in this action. Thus, a continuance of the

trial date should not be necessary. For these reasons, I find that good cause exists to modify the scheduling order to permit Curry to bring the current motion.

Curry has not attached his proposed amended complaint to his motion. However, he appears to be trying to bring the same claims against former Slidell Police Chief Morris as he previously brought in this action against current Police Chief Drennan, when he added Chief Drennan as a defendant in his third amending complaint. Record Doc. No. 72. Plaintiff's complaint against Chief Drennan was later dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Record Doc. No. 103. The court assumes that the allegations of Curry's proposed amendment against Morris would be the same as those in plaintiff's third amending complaint against Drennan.

In his third amending complaint, Curry brought a claim under 42 U.S.C. § 1983 that he had been subjected to excessive and unnecessary force on August 22, 1999 by two St. Tammany Parish Sheriff's deputies, who had been named in the original complaint, "and the as yet unnamed St. Tammany Parish Sheriff's deputies and/or the officers of the Slidell Police Department." Record Doc. No. 72, ¶ XVI. Curry claimed that another Section 1983 violation occurred when he was being transported to the hospital by ambulance and "an as yet unnamed deputy and/or police officer deliberately turned off plaintiff's oxygen." Id. ¶ XXIII.

5

Curry also asserted claims under Louisiana law and the Louisiana Constitution that the unnamed Slidell police officers committed assault and/or battery and failed to protect him from being harmed by the St. Tammany Parish deputies. Id. ¶ LXXVII. Curry alleged that Chief Drennan (and would now assert that Chief Morris) is vicariously liable for these actions. Id. ¶ LXXX. Plaintiff further asserted that Chief Drennan (now Chief Morris) is liable under Louisiana law for "negligently fail[ing] to promulgate and/or implement policies and procedures and properly train and/or supervise his" officers regarding the use of force in effecting an arrest and preventing assault or battery of an arrestee by other law enforcement officers. Id. ¶ LXXXI.

Chief Drennan and the unnamed Slidell police officers moved to dismiss the third amending complaint against them. The court granted the motion, Record Doc. No. 103, to which no timely opposition was filed. After the motion had been granted, in keeping with his usual dilatory conduct in this case, plaintiff's counsel filed an opposition memorandum (without obtaining the necessary leave of court to do so), Record Doc. No. 104, which raised one possibly meritorious argument that the claims against Chief Drennan had not prescribed. The court had not considered that argument when it granted the motion. Now that Curry has sought leave to amend to add former Chief Morris as a defendant on the same claims that he previously asserted against Chief Drennan, the

court has the opportunity to consider that argument, which the proposed new defendant has also addressed in his papers.

Morris argues that the court should deny plaintiff's motion to add him as a defendant because such an amendment would be futile, based on the same reasons that the court granted Chief Drennan's motion to dismiss. The court agrees that the amendment would be futile to the extent it tries to add Section 1983 claims against Morris, for the same reasons that the court granted Chief Drennan's motion to dismiss those claims, essentially that the complaint fails to state a cognizable claim under Section 1983 upon which relief could be granted. Accordingly, the motion to amend is DENIED IN PART as to plaintiff's Section 1983 claims.

It now appears to the court, however, that the state law claims against former Chief Morris, are <u>not</u> futile. In previously dismissing plaintiff's state law claims against Chief Drennan, the court held that relation back under Fed. R. Civ. P. 15(c)(3) did not "apply to salvage Curry's <u>prescribed</u> state law claims." Record Doc. No. 103, at p.11 (emphasis added). However, the court was then unaware of the argument, which was advanced for the first time in plaintiff's untimely opposition memorandum filed <u>after</u> the motion had been granted, that prescription against Chief Drennan had been interrupted by plaintiff's original complaint against joint or solidary tortfeasors. The same argument would apply to former Chief Morris.

7

Curry filed a timely original complaint against two named St. Tammany Parish Sheriff's deputies and the named St. Tammany Parish Sheriff. The complaint alleged federal claims of false arrest and excessive force and state law claims of assault, battery, excessive force and malicious prosecution. Plaintiff's claims arose out of his arrest and alleged beating by the Sheriff's deputies on August 22, 1999. Record Doc. No. 1.

As discussed above, the third amending complaint alleged that unnamed Slidell police officers participated in the allegedly unlawful actions of the named St. Tammany Parish Sheriff's deputies during and immediately following plaintiff's arrest. Although the court dismissed plaintiff's claims against the unnamed Slidell police officers because the relation back doctrine will never permit Curry to amend to name those officers, Record Doc. No. 103, at pp. 5-6 ( citing Fed. R. Civ. P. 15(c); Jacobsen v. Osborne, 133 F.3d 315, 320-21 (5th Cir. 1998)), former Chief Morris could still be found vicariously liable under state law for the unlawful actions of those officers and/or for his own allegedly negligent failures to implement policies and to train his officers properly.

Thus, the court must consider whether Curry's state law claims against former Chief Morris prescribed before plaintiff filed his current motion to amend, in which case relation back could not apply to salvage the claims, or whether prescription of those claims was interrupted by the filing of the original complaint.

"Under Louisiana Civil Code article 2324(c), '[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.' . . . . Because the claims had clearly prescribed, [plaintiff] bore the burden of showing that prescription was interrupted." Roxco Ltd. v. Harris Specialty Chem., Inc., 85 Fed. Appx. 375, 2004 WL 48913, at *3 (5th Cir. Jan. 7, 2004) (citing Vincent v. Tusch, 618 So. 2d 385, 385 (La. 1993)). "If the plaintiff's basis for claiming interruption is solidary liability between two parties, then the plaintiff also bears the burden of proving that solidary relationship." Vincent, 618 So. 2d at 385.

Judge Duval of this court previously addressed this situation and held that the court need not reach the relation back issue when the timely filing of an original complaint had interrupted prescription against the new, solidarily liable defendant. In that case, plaintiffs had filed a timely lawsuit against an unnamed police officer of the New Orleans Police Department ("NOPD"), an unnamed deputy of the St. Bernard Sheriff's Department and a named agent of the Drug Enforcement Administration ("DEA"), asserting false arrest under Section 1983 and other claims. After the one-year prescriptive period had expired, plaintiffs amended their complaint to add a named NOPD officer and a named St. Bernard Sheriff's deputy in place of the John Doe defendants. Lawrence v. St. Bernard Police Dep't, No. 99-3494, 2002 WL 31496374, at *1 (E.D. La. Nov. 6, 2002) (Duval, J.).

The City of New Orleans moved to dismiss the claims against the NOPD officer, arguing that Rule 15(c), as interpreted in Jacobsen, does not permit relation back to name a previously unknown John Doe defendant. Although Judge Duval agreed with that proposition, he held that "the Court does not need to reach the issue because under the applicable Louisiana law, the prescriptive period that would otherwise bar the amendment at issue was interrupted by the filing of the original complaint." Id. at *3. He held that "the prescriptive period is interrupted as to all joint or solidary tortfeasors, if suit is timely filed against one joint or solidary tortfeasor." Id. (citing La. Civ. Code. art. 2324(C); Hultgren v. Construction South, No. 99-3459, 2000 WL 713272, at *1 (E.D. La. May 31, 2000) (McNamara, C.J.)).

Under similar facts in the case at bar, this court must determine whether former Chief Morris "is a joint and solidary tortfeasor with any of the other defendants that were timely sued. If [he] shares this relationship with any one of the other defendants, then the prescriptive period has been interrupted and Plaintiffs may maintain their cause of action against him." Id.

"Joint and solidary tortfeasor liability exists when a plaintiff can show that each actor 'had a substantial role in bringing about the results' of their actions. As long as the actions throughout the whole sequence of events are . . . intertwined and interlocking . . . [the] Defendants must fall together." Id. at *4 (citing Anderson v. Nosser, 438 F.2d 183,

199 (5th Cir. 1971); Nesmith v. Alford, 318 F.2d 110, 119 (5th Cir. 1963); Smith v. Xerox Corp., 718 F. Supp. 494, 496 (E.D. La. 1989) (Arceneaux, J.) (quotation omitted).

"[E]stablishing a joint tortfeasor relationship for purposes of interruption does not require a high modicum of proof." Id. Judges Duval and McNamara, in Lawrence and Hultgren, respectively, each found that "the fact that the allegations made against the original defendants were the same as those made against the newly added defendants . . . was sufficient to establish a joint tortfeasor relationship." Id. In Lawrence, the allegations of the timely complaint against an original named defendant, the DEA agent, who was involved in the same incident as the newly named NOPD officer, "sufficiently give rise to a joint tortfeasor relationship for purposes of interruption." Id.

The same reasoning applies in the instant case. Curry's original complaint against the named St. Tammany Parish Sheriff's deputies interrupted prescription against former Chief Morris, who is allegedly vicariously liable under state law for the actions of the unnamed Slidell police officers who participated in the same incident described in the original complaint and who was allegedly negligent for his own failures to train the officers and implement appropriate preventive policies.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Add Defendant, Record Doc. No. 105, is GRANTED IN PART, only to the extent that the same state law claims as were asserted in the third amending complaint against Chief Drennan may now be

asserted against former Police Chief Benjamin Morris, but not the futile Section 1983 claims.

New Orleans, Louisiana, this __20th__ day of June, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE